■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GARY FLOYD BARNETT, Appellant.— Appeal from a judgment of the County Court of Chenango County, rendered March 22, 1971, convicting defendant on his plea of guilty of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25). Indicted for six counts of criminal possession of a forged instrument, three in the second degree and three in the third degree, defendant pleaded not guilty on arraignment on January 15, 1971. On February 1, 1971, with counsel present, defendant pleaded guilty to the first indictment count charging criminal possession of a forged instrument in the second degree and on motion by defendant's counsel, concurred in by the District Attorney, the remaining counts were dismissed. The court read the details of the first count and defendant, in response to questions by the court, stated he had pleaded guilty to that charge, that no promises or threats had been made in connection with his plea, and that he understood his right to go to trial and defend himself. On sentence defendant's answers indicated that the plea was made of his own volition, that it was his own voluntary act and that, at the time he made it, he knew exactly what he was doing. In view of said responses, it appearing that defendant consulted with counsel and there being no claim that the plea resulted from a mistake or misunderstanding, there is no reason to require a more specific inquiry and upset this obviously "bargained plea" (cf. *People* v. *Nixon*, 21 N Y 2d 338). Considering that defendant could have received a heavier sentence, that five indictment counts were dismissed and that it appearing that defendant had a poor record, the punishment

cannot be said to be excessive. As conceded by respondent, the failure to ask the required allocution question under section 480 of the Code of Criminal Procedure (L. 1881, ch. 442, repealed by L. 1970, ch. 996, § 4, eff. Sept. 1, 1971; see CPL 1.10, 380.50) constituted error (*People ex rel. Emanuel* v. *McMann*, 7 N Y 2d 342) which requires that defendant be remanded for resentence on his guilty plea. Judgment of conviction affirmed but the sentence is reversed, on the law, and the matter remitted to the trial court for resentence and compliance with section 380.50 of the Criminal Procedure Law. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Simons, JJ., concur.